**Yvette LOUTFY and Nick Schimick, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**R.R. DONNELLEY & SONS, CO., a foreign corporation, Defendant.**

**No. 92 C 1660.**

United States District Court, N.D. Illinois, E.D.

May 20, 1993.

Edward A. Cohen, Alvin W. Block & Associates, Jeffrey I. Gehl, Chicago, IL, for plaintiffs.

Richard H. Schnadig, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendant.

## MEMORANDUM ORDER

BOBRICK, United States Magistrate Judge.

Before the court are plaintiffs' MOTION TO VOLUNTARILY DISMISS COUNT I OF PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT and FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT, *INSTANTER*, and PETITION FOR REMAND. These motions are designed to accomplish a voluntary dismissal of the federal claim plaintiffs allege in Count I of their complaint, and the remand of their remaining state law claim (Count II) to the state court. The defendant has filed objections to the method and manner in which the plaintiffs proceed under their motions, and also seeks other relief. While plaintiffs in their motion did not initially identify what rule of the Federal Rules of Civil Procedure governed their request for voluntary dismissal of Count I of the amended complaint, their reply brief particularized it to be Fed. R.Civ.P. 15(a).[1]

---

1. Rule 15. Amendment and Supplemental Pleadings.

A party may amend the party's pleading once as a matter of course at any time before a

For its part, defendant argues that the federal claim (Count I) should be dismissed with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2),[2] and that dismissal should be conditioned upon payment to defendant of its costs and fees reasonably allocable to its defense of the federal claim. Defendant also asks that plaintiffs' motion for leave to file an amended complaint be denied. Short of these requested rulings, the defendant seems to imply that the court should retain supplemental jurisdiction of the non-federal matters pursuant to 28 U.S.C. § 1367(a). Additionally, defendant strongly argues that because significant discovery—with its concomitant costs—has been initiated, plaintiffs should not be allowed to eliminate the federal cause of action from their complaint under Rule 15(a), leaving only the state claim for later remand. Defendant posits that plaintiffs' motion should be treated as a dismissal of action under Rule 41(a)(2) which requires the court to order voluntary dismissal only under "terms and conditions as the court deems proper." In this case that would be the award of attorneys fees and costs to defendant.

It goes without saying it will take little of us to grant plaintiffs' motion to dismiss the federal claim from this action, to remand the state law matter back to the state court under an amended complaint, and of course to decline, with some alacrity, defendant's request that we retain supplemental jurisdiction over the state claim. This is axiomatic in light of the Seventh Circuit's holding in *Edmund J. Wentzka and Dona Wentzka v. Larry Gellman and Blunt, Ellis, & Loewi, Inc.,* 991 F.2d 423, 425 (7th Cir.1993) (holding that where a federal claim drops out before trial, a district court should not retain the state claims absent extraordinary circumstances). Additionally, we easily conclude that the more appropriate method by which the federal claim should be eliminated from these proceedings is through amendment of the complaint under Rule 15(a); we fail to find any reason for application of Rule 41(a) to dismissal of the federal claim.

## I. BACKGROUND

The plaintiffs, two employees of defendant, originally filed their class action complaint on February 13, 1992 in the Circuit Court of Cook County Illinois. The complaint alleged violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and comparable provisions of the Illinois Minimum Wage Act, 820 Ill.CS. 105/1 *et seq.* In response to the complaint, defendant, on March 6, 1992, had the state action removed to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1441. Removal of the action was predicated upon the court's original jurisdiction over the Fair Labor Standards Act claim. Shortly after the case was removed to the district court, plaintiffs' filed their first petition for remand to the

responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . .

2. Rule 41. Dismissal of Actions
  (a) Voluntary Dismissal: Effect Thereof.
  (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operated as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
  (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

state court; this was denied by the district court. The defendant then answered plaintiffs' complaint, and the parties began the discovery process regarding both the federal and state claim. Much, if not all, discovery initiated is relevant to both the federal and state counts. Somewhere during the discovery activities, plaintiffs filed an amended class action complaint, alleging class action overtime pay violations under twelve other state statutes not previously asserted. Subsequently, at a status hearing, the nature of the Fair Labor Standards Act class action was reviewed and plaintiffs were admonished regarding the nature of a FLSA "class action" situation: the fact that each plaintiff must be treated separately and individually, and that each plaintiff must "opt in" to the litigation. *See Woodall v. Drake Hotel, Inc.,* 913 F.2d 447, 451 (7th Cir.1990).[3] With this admonishment, plaintiffs may have rethought its posture in the case and on February 23, 1993, the plaintiffs' filed the motions currently before the court.

## II. *DISMISSAL OF THE ACTION*

[1] Defendant vigorously argues that it had expended considerable costs and fees in defending the federal action, that these expenses were avoidable, and that now it is entitled to recover these expenses from plaintiffs in view of the voluntary dismissal of the federal claim. This being the case, defendant submits that dismissal of plaintiffs' claim is more appropriately governed by Rule 41(a)(2), which provides for voluntary dismissal only under such "terms and conditions as the court deems proper," that being an order awarding defendant costs and fees. Defendant maintains that considerable authority exists in this circuit for such an award for costs and fees. Additionally, defendant argues that if plaintiffs do not intend to dismiss the state law count, this court should then deny remand and exercise its supplemental jurisdiction over plaintiffs' state law claim. Lastly, defendant labels plaintiffs' requests for remand of the state law count as "forum shopping."[4] We review here the manner of dismissal of Count I.

We find defendant's argument that this matter should be disposed of under Rule 41(a), somewhat misguided. Early on, courts have recognized that Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant. *United States v. Outboard Marine Corp.,* 104 F.R.D. 405, 414 (N.D.Ill.1984). Later rulings concerning voluntary dismissal of single claims, vis-a-vis an entire cause of action, established that a motion to voluntarily dismiss a single claim in a multi-count complaint is properly treated as an amendment under Rule 15(a). *Gronholz v. Sears, Roebuck & Co.,* 836 F.2d 515, 517 (Fed.Cir.1987); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir.1988). In the instant case, the complaint consists of two counts and plaintiffs' seek only to dismiss one of the two counts. This being the case, plaintiffs' motion to voluntarily dismiss its claim under Count I of its amended class action complaint is appropriately brought under Rule 15(a), and will be granted as such.

## III. *MOTION FOR REMAND*

■ Our decision to allow plaintiffs to voluntary dismiss the federal claim (Count I) under Rule 15(a) as a secondary matter brings with it a more just result than if we had directed dismissal of the claim under Rule 41(a)(2), since it allows for a remand of

---

3. Although *Woodall* was not a FLSA action, it has brought an ADEA action which incorporates Section 216(b) of "The Act" into its enforcement mechanisms. Also *see Anderson v. Montgomery & Co., Inc.,* 852 F.2d 1008, 1014, 1018 (7th Cir.1988).

4. Defendant concludes and charges that plaintiffs are engaging in "forum shopping" in their efforts to return to the state court. Defendant's charges that the effort to depart from federal jurisdiction is based upon plaintiffs' dissatisfaction with this court's expressed view of the obstacles that lie in the path of their intended efforts to expand the class action FLSA law suit (*See* pp. 601–602 *supra*). Suffice to say that, *after being there,* we simply do not share the same view as defendant concerning plaintiffs' motives behind its motion for remand. We fail to find anything in this record upon which one could possibly base defendant's contentions. It is again worth mentioning that plaintiff started its action in state court, and attempted to return to the state court after removal: actions that preceded this court's involvement and pronouncements in this case.

the state-law claim, preserving any part of plaintiffs' wage claim that might otherwise be adversely effected or barred by the statute of limitations had we dismissed the claim. It also follows that actions we might take that would tend to foreclose all or part of the state-law claim could well conflict with the important principle of comity to states. We conclude that any order issued by this court that might effect preclusion of plaintiffs' state-law claim, which had initially been brought in the state court, may well have the effect of undermining the state's interest in enforcing its laws. This potential provides potent reason to direct remand. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 352, 108 S.Ct. 614, 620, 98 L.Ed.2d 720 (1988).

Defendant has objected to the petition since it believes the matter is best disposed of under Rule 41(a); we have addressed and disposed of that argument. *Supra,* at 602–603. Defendant further argues that since the federal and state claims are so similar, the court should retain its supplemental jurisdiction so that defendant need not "litigate essentially similar claims," under a "different legal regime." Defendant's approach in this regard ignores the fundamental principle that where a federal claim drops out before trial, a district court should not retain the state claims albeit extraordinary circumstances, *Wentzka, supra* at 425.

In the instant case substantive resources have not been expended thus far in this litigation; neither do we find available to the defendant a defense to the state-law claim which invokes issues of federal law. Thus, in the absence of these mentioned circumstances, we find it inadvisable to exercise our supplemental jurisdiction. *Wentzka, supra; Graf v. Elgin, Joliet and Eastern R. Co.,* 790 F.2d 1341, 1346–1348 (7th Cir.1986). There being no extraordinary circumstances pres-

ent to justify retention of this case, plaintiffs' petition for remand will be granted.

We are convinced an order of remand in this case is the correct method by which to dispose of this case, since it most sensibly accommodates a full range of concerns and values associated with the doctrine of supplemental jurisdiction. In this regard, we find that economy will be served by the significant narrowing of issues which results from plaintiffs' abandonment of a substantial federal claim. In the same way, judicial economy will be served since this court will no longer be burdened with a state-law case. It is certainly fair to allow the plaintiffs to return to their initially selected forum for adjudication of a state claim. We note that even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, as well as comity, as earlier mentioned. We sense no unfairness to defendant since all its efforts, to date, in discovery and in defending the case, will have substantial application in the state court. Finally, comity is served by allowing state courts to determine state law. All these factors favor remand. *Carnegie–Mellon University,* 484 U.S. at 350, 108 S.Ct. at 619.[5]

## IV. *ATTORNEYS' FEES AND COSTS*

■ Defendant argues for an award of attorney fees and costs as a proper condition to allowing the voluntary dismissal. We find that an award of fees and costs would be inappropriate in this case for several reasons. First, we find no provision within Rule 15, unlike Rule 41(a)(2), which allows for awarding fees and costs as part of an order containing terms and conditions deemed proper. Second, if the court were to find an appropriate vehicle available for the imposition of an award of fees, as a condition to plaintiffs'

---

**5.** Once a pleading is amended and the federal claim has been eliminated from a removed case, the court should exercise its discretion in a manner consistent with comity. In *Carnegie–Mellon University,* the court held:

> When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state claims remain, the federal court *should* decline

the exercise of jurisdiction. 484 U.S. at 350, 108 S.Ct. at 619.

\* \* \* \* \* \*

The discretion to remand enables federal courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine. 484 U.S. at 357, 108 S.Ct. at 623.

voluntary dismissal, this is certainly not the case for same. The plaintiffs have indicated its acceptance of dismissal with prejudice of their federal claims.[6] This has the net result of defendant no longer being in jeopardy of defending the federal claim again; thus with an order of voluntary dismissal *with prejudice,* an award of fees would not be appropriate. *Brandt v. Schal Associates, Inc.,* 854 F.2d 948, 955 (7th Cir.1988); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985). Third, since the FLSA claim and the state-law claim are "interrelated," as admitted by defendant, an essential part of its discovery done in the federal claim will have direct application to the state-law claim, as set forth in plaintiffs' amended complaint. We see essentially the same court activity occurring in the state court, had the case not been removed, as that which occurred here.

Lastly, this case began in the state court. Defendant, over plaintiffs' continued objection, removed and maintained the action in the district court. Now that the case is being sent back to the state court, defendant asks that plaintiffs pay for the circuitous federal ride to which they were held hostage, all at the instance of defendant. To entertain such a request would be no less egregious then making the dime-a-dance girl pay to the big-footed sailor a share of her hard-earned emoluments for his whirl around the dance floor. We find defendant not entitled to any award of fees and costs.

### CONCLUSION

For those reasons set forth herein, it is hereby ordered that:

(1) The motion to voluntarily dismiss Count I of plaintiffs' amended class action complaint, *instanter* is GRANTED.

Count I of the amended class action complaint is dismissed with prejudice.

(2) The motion for leave to file plaintiffs' second amended class action complaint, *instanter* is GRANTED.

(3) The Petition for Remand is GRANTED. This cause of action is remanded back to the state court.

6. Regardless of plaintiffs' statements in open court concerning dismissal of the federal claim with prejudice, we would have initiated such an end to the count in any event. Plaintiffs intention to voluntarily dismiss the federal claim came on the heels of significant discovery going to the core of their FLSA claim. We know this discovery involved costs to defendant. We further sensed that the results of this discovery did not go well with plaintiffs, as that might play out in the maintenance of the federal claim. Accordingly, we draw some equitable analogy to the rationale for imposition of fees and costs in those instances of voluntary dismissal without prejudice as provided under a Rule 41(a)(2) setting. We believe defendant should have the right to feel absolutely free from incurring any additional attorney fees as to the federal claim. Since we are unable to impose costs and fees to assuage defendant's legitimate fears in this regard, we will then, however, accept plaintiffs' voluntary dismissal only with prejudice. *Brandt v. Schal Associates, Inc.,* 854 F.2d 948, 954–955 (7th Cir. 1988); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985).