In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3254

Berthold Types Limited,

Plaintiff-Appellee,

v.

Adobe Systems Incorporated,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1490--Elaine E. Bucklo, Judge.

Argued February 16, 2001--Decided March 9, 2001

  Before Easterbrook, Manion, and Diane P. Wood, Circuit
Judges.

  Easterbrook, Circuit Judge.  Both Berthold Types
and Adobe Systems design and sell typefaces.
Adobe includes all of its own faces, plus many
licensed from other type foundries such as Agfa
and Monotype, in the Adobe Type Library, which
contains more than 2,750 typefaces in PostScript
and OpenType formats. Individual faces (or
collections of related faces) can be licensed and
downloaded from Adobe's Web site or purchased on
CD-ROM. The Adobe Font Folio, a CD-ROM that gives the
purchaser access to all of the Library's type, is
available for about $9,000. Berthold Types has
been among Adobe's partners in this endeavor: a
contract between Adobe and two German firms (H.
Berthold AG and Berthold Types GmbH) gives Adobe
a non-exclusive right to include many of
Berthold's typefaces in the Adobe Type Library,
and to use Berthold's trademarks in connection
with the Library, from 1990 through 2015.
Berthold Types Ltd., a U.S. corporation that we
call Berthold, succeeded to the German firms'
interests in 1997 and the next year signed its
own contract with Adobe as a continuation of the
1990 deal.

  According to the complaint Adobe first included
Berthold typefaces in the Library in 1991, and
since 1993 "parties other than Adobe, including
Berthold, have marketed the Adobe Type Library as
including the Berthold typefaces" (emphasis
added). Berthold receives royalties when
customers purchase individual Berthold typefaces

from the Library or buy the Adobe Font Folio disc; it also believes that the presence of Berthold typefaces in the Library amounts to an endorsement by Adobe (the creator of PostScript and co-designer of OpenType) that has "greatly contributed to Berthold's reputation as a provider of high-quality typefaces and has materially enhanced the prestige and goodwill associated with the Berthold typefaces and associated trademarks." Berthold also alleged that some time in 1999 or early 2000 Adobe removed all Berthold typefaces from the Adobe Type Library. This step, Berthold contended, violated the contract, the Lanham Act, 15 U.S.C. sec.1125(a) (on the theory that customers have come to expect the Library to contain Berthold faces, making it misleading for Adobe to offer the Library without Berthold type), and the consumer-deception statutes of several states (on the theory that Adobe has falsely told customers that they can get Berthold typefaces direct from Berthold at prices higher than Adobe used to charge).

Adobe moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. The district court agreed with Adobe's position. 101 F. Supp. 2d 697 (N.D. Ill. 2000). The contract claim failed for a simple reason: neither the 1990 contract nor the 1998 replacement requires Adobe to use any Berthold typefaces. Adobe has the right, but not the obligation, to include the typefaces; Adobe's only obligation is to pay royalties for typefaces it licenses through the Library. The Lanham Act claim failed because federal law does not prohibit resellers from changing their inventory or require them to alert the public to every alteration in product mix. (One wonders what Berthold had in mind. "New! Improved! No Berthold typefaces!" would not flatter the foundry. Alternatives such as "The Adobe Type Library contains no caffeine, saturated fats, or Berthold typefaces" also would displease it. Advertising exactly what changes had been made between editions of the Font Folio would be cumbersome, given the large number of faces and type designers involved.) As the district judge observed, the Adobe Type Library has many attributes of a catalog or retail store, and no one thinks that Neiman Marcus must perpetually carry the clothing of designers whose line it has sold in the past (or post signs at entrances and warnings in catalogs that particular suppliers' products no longer are for sale within). Finally, the district judge wrote, even if some of Adobe's sales personnel have overstated the prices at which Berthold licenses its own typefaces, this cannot be deemed fraudulent or deceptive "if it is unwitting and

innocent, and Berthold does not say that it was not." 101 F. Supp. 2d at 699.

While the district court had under advisement Adobe's motion to dismiss the contract, Lanham Act, and state-law claims, Berthold filed a motion to amend its complaint by dropping a fourth claim and replacing it with a new contention that Adobe wrongly interfered with a contract between Berthold and a German partnership, Freydank Korbis Pillich Talke GbR. The partnership, which succeeded to some of the royalty interests H. Berthold AG held in the 1990 contract with Adobe, believes that Adobe had not paid all of the royalties due. According to Berthold's revised complaint, the partnership assigned to Berthold its claim for unpaid royalties, and Adobe then interfered with this assignment by attempting to settle the matter directly with the partnership. The district court allowed Berthold to file the new complaint:

Adobe's motion to dismiss Count I (breach of contract), Count II (false and misleading advertising), Count III (fraud, deceptive trade and business practices), and Count IV (unjust enrichment) of the plaintiff's first amended complaint is GRANTED, and the complaint is DISMISSED without prejudice. Berthold's motion to file a second amended complaint is GRANTED as to Count IV only (the intentional interference with contract claim). Counts I-III in the second amended complaint are identical with those in the First Amended Complaint, and so have already been dealt with.

101 F. Supp. 2d at 699. This language has led to the dispute that we must resolve on this appeal.

After the district court received Berthold's amended complaint, Adobe filed a motion to dismiss the new claim under Rule 12(b)(6). Before the district court could act on this motion, Berthold filed a document purporting to dismiss its entire complaint voluntarily under Fed. R. Civ. P. 41(a)(1)(i). Adobe objected to dismissal, pointing out that it had already prevailed on three of Berthold's claims and filed a motion to dismiss the fourth; Berthold replied that Rule 41(a)(1)(i) permits a plaintiff to dismiss as of right "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs" and that Adobe had never filed either an answer to the complaint or a motion for summary judgment. The district judge took Berthold's side and dismissed the complaint. Next Adobe sought attorneys' fees on the claims that earlier had been dismissed

involuntarily (para.7.10 of the 1998 contract entitles the "prevailing party" in "any suit, action or proceeding in connection with this Agreement" to recover reasonable attorneys' fees). The district court denied this request summarily.

The district court's handling of this litigation leaves much to be desired. The order denying Adobe's request for attorneys' fees does not explain the judge's thinking, leaving everyone in the dark about the rationale--and that is just the last of several problems. The first problem, which set the stage for everything that ensued, is that Berthold's initial complaint should not have been dismissed under Rule 12(b)(6). It pleads a claim for breach of contract and is not self-defeating. The district judge's reasoning is based not on the complaint but on the text of the contract, which was not attached to the complaint. Cf. Fed. R. Civ. P. 10(c). Under Rule 12(b), when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." See Wilkow v. Forbes, Inc., No. 00-2519 (7th Cir. Feb. 20, 2001), slip op. 3-4. So the judge should have treated Adobe's motion as one for summary judgment--which also means that Berthold did not file its Rule 41(a)(1)(i) notice before the service of a motion for summary judgment. Our point is not that a motion styled as one to dismiss is a motion for summary judgment at the instant of its filing just because the movant attaches extra documents. It is, rather, that once the district court actually considers additional documents, the motion must be treated as one for summary judgment, with multiple procedural consequences--both the opportunity for discovery (which Berthold did not request) and the closing of the window for dismissal under Rule 41(a)(1)(i). See Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247 (4th Cir. 1991); Yousef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989). See also Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure sec.2363 at p. 259 (2d ed. 1994).

What is more, the district court's description of its original dismissal as one "without prejudice" is at best misleading. The judge's rationale for dismissing the state-law deception claim sounds like an invocation of Fed. R. Civ. P. 9(b), which implied that Berthold could plead anew with an express allegation that Adobe had known Berthold's prices, but the rationale for dismissing the contract and Lanham Act claims did

not allow repleading. Perhaps it made sense to describe the dismissal overall as "without prejudice" in the sense that the judge agreed to receive the amended complaint and planned to enter a final judgment with prejudice on the contract and Lanham Act claims at the end of the suit, but, if this was the plan, the court did not carry through, and here as in Otis v. Chicago, 29 F.3d 1159 (7th Cir. 1994) (en banc), the district court's failure to finish the litigation with the proper judgment has led to unnecessary uncertainty and conflict. The contract and Lanham Act claims were (and remain) over and done with; the state-law statutory claim, which might have been amended to pass muster under Rule 9(b), was not amended, and so it too has been conclusively resolved in Adobe's favor. But the final judgment entered by the district court does not reflect any of these outcomes.

 Seizing on the words "without prejudice", Berthold insists that Adobe either cannot appeal at all (because it is not aggrieved by the judgment) or has appealed too late (because it should have appealed as soon as the district court's order was entered, arguing that the court erred in failing to dismiss the complaint with prejudice). Neither branch of the argument is persuasive. Adobe is out of pocket the amount it has paid its attorneys; this concrete loss means that it is aggrieved by the outcome and entitled to appeal in pursuit of legal fees without regard to the district judge's decision to apply the label "without prejudice." See Citizens for a Better Environment v. The Steel Co., 230 F.3d 923, 926-29 (7th Cir. 2000). Nor can Adobe be blamed for waiting until the conclusion of the case in the district court. The order dismissing Berthold's first complaint but allowing it to file a second was not a "final decision" and therefore could not be appealed under 28 U.S.C. sec.1291. See Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988); Catlin v. United States, 324 U.S. 229, 233 (1945). Adobe appealed as soon as it was able, and it has not forfeited any rights by failing to act quicker (or otherwise) than it did.

 Adobe persuaded the district judge to knock out Berthold's contract claim--and to do so in a way that logically precludes revival in this or any later suit. Berthold does not contend that the decision is substantively incorrect, nor does it contest the district court's failure to employ summary judgment procedures. Adobe therefore is the "prevailing party," see Citizens for a Better Environment, 230 F.3d at 929-30, and is entitled to attorneys' fees under the contract. The Lanham Act claim arose "in connection with" the

contract, so Adobe is entitled to recover the legal fees devoted to defending that claim as well.

Berthold could not cancel Adobe's entitlement by amending its complaint and then dismissing the amended complaint. If even the parties' mutual assent cannot wipe a judicial decision from the books, see U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), a unilateral dismissal under Rule 41(a)(1)(i) cannot do so. See Lee v. River Forest, 936 F.2d 976, 981 (7th Cir. 1991). Cf. Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir. 1990) (same conclusion under Rule 41(a)(2)). Berthold litigated, and lost on the merits, claims arising from its contract with Adobe, and as a result it must reimburse Adobe for the legal expenses of its defense.

One question remains: Whether Berthold was entitled to dismiss its new claim (the one alleging wrongful interference with contract) under Rule 41(a)(1)(i). The district court allowed Berthold to do this because Adobe had neither answered the amended complaint nor filed a motion for summary judgment. Adobe argues on appeal that its motion to dismiss this claim, although captioned as a motion to dismiss under Rule 12(b)(6), really was a motion for summary judgment because counsel attached (and relied on) materials outside the complaint. For reasons already mentioned, this is not so. A motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers. Berthold filed its notice of dismissal under Rule 41(a)(1)(i) before the district judge could decide whether to consider Adobe's additional submissions. So far as the wrongful-interference claim is concerned, therefore, Adobe had filed neither an answer nor a motion for summary judgment.

Nonetheless, Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing "an action"--which is to say, the whole case. This is exactly what Berthold tried to do. Thus the right question is not whether Adobe had filed an answer or motion for summary judgment directed to this claim, newly added by amendment. It is instead whether Adobe had filed an answer or motion for summary judgment in the "action"-- and to this question the answer is yes, because Adobe's motion to dismiss the initial claim had to be treated as a motion for summary judgment once the district judge considered matters outside the complaint, as she did. (Recall that the judge relied on the

contract, which was not part of the complaint.) Berthold thus lost its privilege to dismiss the action by notice under Rule 41(a)(1)(i).

The order of the district court denying Adobe's motion for attorneys' fees is vacated, and the case is remanded with instructions to determine, and award, the legal expenses reasonably incurred in defending the aspects of this litigation that arose "in connection with" the 1998 contract. The contract entitled Adobe to recover costs and fees incurred in appeal, so the district court should include these expenses in the award. The district court also should proceed to resolve the wrongful-interference claim on the merits, unless that claim is dismissed under authority other than Rule 41(a)(1)(i).