WISCONSIN BELL INC., d/b/a
Ameritech Wisconsin,
Plaintiff,

v.

TCG MILWAUKEE, INC., Public Ser-
vice Commission of Wisconsin, Ave M.
Bie, Robert M. Garvin and Joseph P.
Mettner,[1] Defendants.

No. 98–C–0366–C.

United States District Court,
W.D. Wisconsin.

Aug. 30, 2002.

---

1. The caption has been amended to reflect the current composition of the Public Service Commission.

David J. Hanson, for Plaintiff.

Douglas Travaris, Chicago, IL, Michael Varda, Public Service Commission, Assistant General Counsel, Madison, WI, Michael L. Shor, Swidler & Berlin, Washington, DC, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action brought pursuant to the Telecommunications Act of 1996, 47 U.S.C. §§ 251 and 252, to challenge a determination by defendant Public Service Commission of Wisconsin regarding the enforcement and interpretation of an interconnection agreement between plaintiff Wisconsin Bell, Inc., d/b/a Ameritech Wisconsin and defendant TCG Milwaukee, Inc. In an order dated March 14, 2001, I stayed proceedings in this case pending a decision in *Mathias v. WorldCom Technologies, Inc.,* No. 00–878, anticipating that the Supreme Court would address issues that might be dispositive of this case. However, the Court dismissed the writ of certiorari as improvidently granted with regard to three issues that were addressed in *Verizon Maryland Inc. v. Public Service Commission of Maryland,* 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). *See Mathias v. WorldCom Technologies, Inc.,* 535 U.S. 682, 122 S.Ct. 1780, 152 L.Ed.2d 911 (2002). The Court then denied certiorari on the cross-appeal. *Illinois Bell Telephone Co. v. WorldCom Technologies, Inc.,* 535 U.S. 1107, 122 S.Ct. 2318, 152 L.Ed.2d 1071 (2002).

Plaintiff has moved for voluntary dismissal under Fed.R.Civ.P. 41(a)(2), conceding that the Court's refusal to hear *Mathi-as* leaves standing the holding in *Illinois Bell Telephone Co. v. Worldcom Technologies, Inc.,* 179 F.3d 566 (7th Cir.1999). In *Illinois Bell,* the Court of Appeals for the Seventh Circuit held that the Illinois Commerce Commission did not violate the Telecommunications Act of 1996 or other federal law when the commission ruled that Illinois Bell was required under several interconnection agreements to pay other local carriers "reciprocal compensation" for calls made to internet service providers. *Id.* at 569, 574. The court concluded that it could not review the correctness of the commission's application of principles of state contract law in interpreting the agreement, *id.* at 572, and that Illinois Bell would have to seek resolution of that issue in state court. *Id.* at 574.

(The parties have drawn my attention to the fact that the court made a reference to state court remedies in an amendment to the order entered on August 19, 1999. Although the amended opinion is available on Westlaw and Lexis, the Federal Reporter does not include the following two paragraphs that were added to the opinion at the end:

Lest there be any misunderstanding about what this conclusion means, we add that any issues of state law remain open for determination in the proper forum. Section 252(e)(6) authorizes a federal court to determine whether the agency's decision departs from federal law. A decision "interpreting" an agreement contrary to its terms creates a different kind of problem—one under the law of contracts, and therefore one for which a state forum can supply a remedy.

This allocation of authority has a potential to cause problems. Federal jurisdiction under § 252(e)(6) is exclusive when it exists. Thus every time a carrier complains about a state agency's ac-

tion concerning an agreement, it must start in federal court (to find out whether there has been a violation of federal law) and then may move to state court if the first suit yields the answer "no." This system may not have much to recommend it, but, as the Supreme Court observed in *Iowa Utilities Board,* the 1996 Act has its share of glitches, and if this is another, then the legislature can provide a repair.)

Relying on *Illinois Bell,* plaintiff has chosen to seek dismissal with prejudice of its claims that the commission's order violates federal law. It concedes that its agreement with defendant TCG is indistinguishable from the agreements at issue in *Illinois Bell.* However, it asks that its claims regarding the correct interpretation of the interconnection agreement be dismissed *without prejudice* for lack of subject matter jurisdiction so that it may pursue a remedy in state court.

It is understandable that plaintiff believes that this court lacks subject matter jurisdiction to consider state law issues arising out of disputes over interconnection agreements. However, I am not persuaded that to the extent the court of appeals held that it could not hear claims regarding interpretations of agreements, that holding remains valid in light of the Supreme Court's decision in *Verizon Maryland, Inc.,* 535 U.S. 635, 122 S.Ct. 1753, 152 L.Ed.2d 871, in which the Court held that 28 U.S.C. § 1331 provides jurisdiction to review orders of state commissions for compliance with federal law. If § 1331 applies, § 1367(a) should apply as well, providing federal courts with jurisdiction to hear state law claims that arise out of the same transaction as claims alleging violations of the Telecommunications Act. However, because I conclude that the unusual circumstances of this case make it inappropriate to exercise supplemental jurisdiction, I will grant plaintiff's motion for voluntary dismissal.

Because I am not addressing the merits of the parties' dispute, it is unnecessary to set forth all the relevant facts. For the purpose of this discussion, it is sufficient to provide a brief summary of the undisputed facts.

## FACTS

Both plaintiff Wisconsin Bell, Inc. and defendant TCG Milwaukee, Inc. provide various telecommunications services in the state of Wisconsin. In 1997, plaintiff and defendant TCG entered into an "interconnection agreement," pursuant to the Telecommunications Act of 1996, in which defendant TCG gained access to plaintiff's equipment and services. Under the agreement, both plaintiff and TCG are required to compensate each other for customer calls that begin on one company's network but are terminated on the other so that both companies receive payment (because only the company that initiates the call bills the customer). However, the parties are required to pay only what is referred to as "reciprocal compensation" for "local traffic."

After the agreement was approved by the Public Service Commission, a dispute arose between plaintiff and defendant TCG over whether customer calls to internet service providers should be classified as local traffic. The dispute came before the Public Service Commission, which concluded that calls made to internet service providers were local traffic under the agreement. Plaintiff then filed an action in this court, alleging that the commission's order misinterpreted the agreement and violated state and federal law.

## OPINION

■ Although the parties agree that this court lacks subject matter jurisdiction

to consider whether the defendant commission applied state law correctly in interpreting the interconnection agreement, their agreement does not relieve the court of the need to conduct an independent analysis of the jurisdictional question. *Beerly v. Department of Treasury,* 768 F.2d 942, 944 (7th Cir.1985). The parties read *Illinois Bell* as holding that federal courts do not have jurisdiction to consider state law. They derive this from the court's statement in its amended order that "any issues of state law remain open for determination in the proper forum." *Illinois Bell,* 179 F.3d at 574. The court's holding was based on its previous conclusion in *MCI Telecommunications Corp. v. Illinois Commerce Commission,* 168 F.3d 315 (7th Cir.1999), that "federal courts may review a state commission's actions with respect to an agreement only for compliance with § 251 and § 252 of the Telecommunications Act, and not for compliance with state law." *Id.* at 320.

This conclusion seems to flow from an unexamined assumption that the Telecommunications Act provides the sole basis for federal court jurisdiction over the review of state commissions' enforcement of interconnection agreements. *See id.* In determining the scope of review, the court referred only to § 252(e)(4) and (6). Section 252(e)(6) provides:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.

Section 252(e)(4) provides: "No State court shall have jurisdiction to review the action of a State commission in approving or rejecting an agreement under this section." *See also Illinois Bell,* 179 F.3d at 574 (citing § 252(e)(6) as the source of

jurisdiction). In neither *Illinois Bell* nor *MCI* did the court consider the applicability of other statutory grants of jurisdiction. However, in *Verizon Maryland Inc.,* 122 S.Ct. at 1758, the Supreme Court looked at other sources of jurisdiction over questions regarding a state commission's compliance with the Telecommunications Act and concluded that those sources were not limited to those granted explicitly by the act itself. *Id.* at 1758. Rather, the Court held, because the issue was whether the commission complied with federal law, "Verizon's claim thus falls within 28 U.S.C. § 1331's general grant of jurisdiction, and contrary to the Fourth Circuit's conclusion, nothing in 47 U.S.C. § 252(e)(6) purports to strip this jurisdiction." *Id.* at 1759. (The Court of Appeals for the Fourth Circuit had held that neither § 252(e)(6) nor § 1331 provided a basis for jurisdiction over Verizon's claims against its competitors. *Bell Atlantic Maryland, Inc. v. MCI Worldcom, Inc.,* 240 F.3d 279, 301–09 (4th Cir.2001)). Although the Court acknowledged that § 252(e)(6) referred only to particular actions, it explained that " '[t]he mere fact that some acts are made reviewable should not support an implication of exclusion as to others.' " *Id.* (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). The Court noted that the Act does not establish a distinctive review mechanism for the commission actions that it covers ... and it "does not distinctively limit the substantive relief available." *Id.* From this, the Court concluded that although § 252(e)(6) makes only some actions by state commissions reviewable in federal court, it does not affect the federal courts' jurisdiction to hear other challenges under § 1331. *Id.*

Turning to the remaining provisions of the act, the Court concluded that they did not limit federal review of a commission determination. "If anything, they reinforce the conclusion that § 252(e)(6)'s si-

lence on the subject leaves the jurisdictional grant of § 1331 untouched." *Id.* The Court concluded, "[i]n sum, nothing in the Act displays any intent to withdraw federal jurisdiction under § 1331; we will not presume that the statute means what it neither says nor fairly implies." *Id.*

Although it is true that in *Verizon,* the Court considered only the effect that the Telecommunications Act had on a federal court's jurisdiction under 28 U.S.C. § 1331, the decision makes it clear that the Court does not view the act as a limitation on *any* otherwise applicable grant of jurisdiction. The act is equally silent regarding its effect on all other grants of jurisdiction, which implies that the act does not preclude a federal court from considering claims that fall within the supplemental jurisdiction statute, 28 U.S.C. § 1367. Under § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 permits a federal court to exercise supplemental jurisdiction "over all claims which, while lacking an independent basis of federal subject matter jurisdiction, arise from the same transaction or occurrence as the claim that invoked the court's subject matter jurisdiction originally." 4 *Moore's Federal Practice,* § 19.04[1][a] (Matthew Bender 3d ed.).

Thus, barring a statute that precludes review expressly, § 1367 provides subject matter jurisdiction over plaintiff's state law claims, provided they arose out of the same transaction or occurrence as its federal law claims. This conclusion is bolstered by the decisions of those courts that had determined before *Verizon* was decided that the Telecommunications Act does not restrict other grants of jurisdiction and have relied on § 1367(a) to exercise supplemental jurisdiction over state law claims involving interpretation and enforcement of interconnection agreements. *See, e.g., Southwestern Bell Telephone Co. v. Brooks Fiber Communications of Oklahoma, Inc.,* 235 F.3d 493, 498 (10th Cir. 2000); *Michigan Bell Telephone Co. v. MCI Metro Access Transmission Services, Inc.,* 128 F.Supp.2d 1043 (E.D.Mich.2001).

With the Supreme Court's rejection of a restrictive interpretation of the Telecommunications Act, there appears to be no jurisdictional bar to considering claims arising under the act that require application of state law. Thus, to the extent that *MCI* and *Illinois Bell* held that federal courts lack subject matter jurisdiction to review a state commission's interpretation of an interconnection agreement because the matter presented only a state law contracts issue, that holding was overruled by *Verizon.*

■ Of course, federal district courts are generally bound by the decisions of the court of appeals in their circuit. *United States v. Krilich,* 178 F.3d 859, 861 (7th Cir.1999). However, I concluded in the July 12, 1999 order in this case that district courts are not obligated to follow a decision of the court of appeals that conflicts with a subsequent decision of the Supreme Court. *Wisconsin Bell, Inc. v. Public Service Commission of Wisconsin,* 57 F.Supp.2d 710, 714–15 (W.D.Wis.1999) (citing *Cameo Convalescent Center, Inc. v. Percy,* 800 F.2d 108 (7th Cir.1986), and *Villasenor v. Industrial Wire & Cable, Inc.,* 929 F.Supp. 310 (N.D.Ill.1996)). In reviewing that decision, the court of appeals disagreed with my conclusion that a subsequent Supreme Court decision regarding constructive waiver of sovereign immunity undermined a previous Seventh Circuit case, but it did not disagree with the underlying premise that when the Seventh Circuit and Supreme Court conflict, it

is the Supreme Court that district courts must follow. *MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 338–40 (7th Cir.2000). Therefore, until I am instructed otherwise, I will follow the same test with regard to Seventh Circuit decisions that the Seventh Circuit applies in determining whether to adhere to Supreme Court precedent:

> If, however, events subsequent to the last decision by the higher court approving the doctrine—especially later decisions by that court, or statutory changes—make it almost certain that the higher court would repudiate the doctrine if given a chance to do so, the lower court is not required to adhere to the doctrine.

*Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir.1986).

In my view, it is "almost certain" that, after *Verizon*, the court of appeals would repudiate its view that federal courts may never review state law determinations made by state commissions pursuant to the Telecommunications Act. For this reason, and because both district courts and courts of appeal are ultimately bound by the Supreme Court, I conclude that I must follow *Verizon*.

■ Applying the reasoning in *Verizon*, I disagree with the parties that *Illinois Bell* bars consideration of plaintiff's state law claims. I conclude that jurisdiction is present under § 1367(a). The question now is how to proceed. One option is to stay a decision on plaintiff's motion for voluntary dismissal in order to permit plaintiff to reconsider its motion in light of my view of *Verizon* and *Illinois Bell.* Under different circumstances, this is likely the option I would have chosen. Although a district court's decision to exercise supplemental jurisdiction is discretionary, I agree with the Court of Appeals for the Tenth Circuit that "it would be a waste of judicial resources to limit the court's con-

sideration to federal issues only," *Brooks Fiber*, 235 F.3d at 498, particularly when this case has already proceeded through the federal courts for several years.

However, this case is unlike *Brooks Fiber* in that plaintiff seeks to dismiss not only its state law claims for lack of subject matter jurisdiction but also its federal law claims because it believes *Illinois Bell* has resolved those issues in the commission's favor. I can only assume that plaintiff would continue to adhere to its view that its federal claims are no longer viable regardless whether this court were to exercise jurisdiction over its state law claims. If so, plaintiff would have only state law claims to bring to this court (assuming plaintiff wanted to pursue them here). There would be no federal law claims for the state law claims to "supplement."

■ Although generally a district court may retain supplemental jurisdiction over state law claims even after it dismisses the federal claims in a suit, *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir.1993), this rule does not apply when the *plaintiff* wishes to dismiss its federal claims. This is because a plaintiff cannot simply dismiss those claims under Fed.R.Civ.P. 41(a), which allows a plaintiff to dismiss "an action," not parts of an action. *See Berthold Types Ltd. v. Adobe Systems Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602–03 (N.D.Ill.1993). Amendment under Fed.R.Civ.P. 15 is the only route it may take. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (2d ed.1994 and Supp.2002).

It is not enough that plaintiff's original action alleged both federal and state claims. Once plaintiff has amended its pleading to assert only state law claims, that amended complaint "wipes away all prior pleadings" and controls the case

from that point forward. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.1999). Thus, "to say that plaintiff's dismissal of the federal claims constituted an amendment of the complaint is also to say that there remains no federal claims to which the state claims may be appended." *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 395 (6th Cir.1979).

To preserve federal jurisdiction in this case, plaintiff would have to withdraw its motion for voluntary dismissal and proceed with all of its claims. However, this would require a decision on the merits of plaintiff's federal law claims, even though the parties agree that those claims cannot survive *Illinois Bell*. As a general rule, it is ideal to decide all issues in one forum, but it would not be an appropriate use of supplemental jurisdiction to decide meritless federal law issues for the sole purpose of retaining jurisdiction over state law claims. Therefore, I will grant plaintiff's motion for voluntary dismissal and allow plaintiff to proceed to the "proper forum," *Illinois Bell*, 179 F.3d at 574, for resolution of its claims under state law.

Two issues remain. First, although defendants agree with plaintiff that plaintiff's federal law claims should be dismissed with prejudice, they argue nevertheless that I should address the merits of those claims because "[o]nly a complete determination effectively administers the 'allocation of authority' between state and federal courts required by *Illinois Bell*." Dfts.' Resp. Br., dkt. # 160, at 4. Defendants maintain that the "ruling needs to be clear to avoid possible re-litigation of federal claims in state court." *Id.* at 21.

I disagree with defendants that a lengthy analysis on plaintiff's federal law claims is either required by *Illinois Bell* or necessary to avoid re-litigation of federal claims in state court. If plaintiff's federal law claims are dismissed with prejudice, as plaintiff requests, then those claims cannot be litigated again in another forum. *Larken, Inc. v. Wray*, 189 F.3d 729 (8th Cir. 1999); *Wong v. Smith*, 961 F.2d 1018 (1st Cir.1992). It would not add any preclusive effect to the judgment to explain why I agree with the parties (if, after considering the issue, I concluded I did).

In any event, it is ultimately beside the point whether I or the defendants agree with plaintiff's belief that *Illinois Bell* is dispositive on plaintiff's federal law claims. As already noted, plaintiff seeks to dismiss its federal law claims with prejudice. When dismissal is with prejudice, the general rule is that the court lacks discretion to deny the motion for voluntary dismissal, although it may impose conditions on the dismissal. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2367 at 318 (2d ed.1994). Therefore, a discussion on the merits would be gratuitous at best and could be potentially confusing. Even if I concluded that I disagreed with the parties' belief that *Illinois Bell* resolves plaintiff's federal claims, I would have to grant its motion for voluntary dismissal.

Further, although a court may impose conditions, defendants cite no case law in which the court engaged in a superfluous discussion of the merits as an appropriate condition for dismissal. Doing so would not protect defendants from prejudice, which is the purpose of conditions. *McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir.1985). Defendants will not be prejudiced if I decline to consider the merits, provided that the order is clear regarding which claims may and may not be litigated in state court.

This brings up the final issue. There appears to be some disagreement between the plaintiff and defendants regarding what constitutes a "federal law" issue and what constitutes a "state law" issue for the

purpose of determining which claims should be dismissed without prejudice. Plaintiff alleged five claims in its complaint: (1) "The Commission's Interpretation of the Agreement is Erroneous as a Matter of Law"; (2) "The PSCW Orders Are Contrary to Controlling FCC Orders"; (3) "The PSCW Orders Violate Controlling Federal Law, Which Assigns Authority Over Interstate Communications To The FCC"; (4) "The PSCW Orders Violate Sections 251(b)(5), 252(d)(2) and 251(g) of the 1996 Act"; and (5) "The PSCW Orders Violate Wisconsin Law." According to plaintiff, under *Illinois Bell,* the only federal law issue is whether the commission's order violated federal law. Therefore, under plaintiff's view, counts II, III and IV of the complaint would be dismissed with prejudice (because plaintiff alleges in those counts that the commission's decision violated federal law or is contrary to it), but counts I and V would be dismissed without prejudice (because plaintiff alleges in those counts that the commission misinterpreted the contract or violated state law).

However, defendants take a somewhat different view with respect to the contract interpretation claim. They write in their brief that "*Illinois Bell* further held that the ICC's determination did not seem to violate 'the parties intentions.'" Dfts.' Resp. Br., dkt. #160, at 18. Although defendants are not completely clear in their brief, I presume they mean to suggest that in *Illinois Bell,* the court considered the plaintiff's contract interpretation argument, and thus this court should dismiss that claim with prejudice to the extent required by *Illinois Bell.*

I agree with defendants that there is language in *Illinois Bell* suggesting that the court of appeals considered the plaintiff's contract interpretation argument. For example, the court noted the plaintiff's argument that because the interconnection agreements "precisely track the

Act" and the Act does not require reciprocal compensation for calls to internet service providers, the agreements do not require reciprocal compensation for those calls. *Illinois Bell,* 179 F.3d at 573. The court also addressed the plaintiff's contention "that the agreements were negotiated against a backdrop of a long-standing FCC policy that ISP traffic is not local traffic." *Id.* Although the court took note of these arguments, I do not read the opinion as resolving them. Rather, the court's holding was that no federal law prohibited the state commission from requiring reciprocal compensation for calls to internet service providers. *Id.* at 574 ("[N]othing in what the ICC said violates federal law in existence at this time."). The court made clear that a "decision 'interpreting' an agreement contrary to its terms creates a different kind of problem-one under the law of contracts, and therefore one for which a state forum can supply a remedy." *Id.*

■ I recognize that in this case, as in *Illinois Bell,* plaintiff contends that the parties intended the interconnection agreement to require only what the Telecommunications Act requires and therefore a court will have to interpret the act to resolve the dispute. Even so, a court will first have to apply principles of contract law to determine whether it was in fact the intent of the parties to require only what federal law required. Under *Illinois Bell,* it is *state* contract law rather than federal common law that is used to determine the intent of the parties with respect to interconnection agreements. This conclusion was not undermined by the decision in *Verizon,* 122 S.Ct. at 1760. Thus, it will be for the state court to decide what the parties intended; if they intended to require only what federal law requires, the state court will have to determine the requirements of federal law as well. This is

not inconsistent with either the Telecommunications Act or *Illinois Bell.* As the court of appeals noted, states play an important role in applying the act, *Illinois Bell,* 179 F.3d at 573, and they will often have primary responsibility for interpreting it, Philip J. Weiser, *Federal Common Law, Cooperative Federalism, and the Enforcement of the Telecom Act,* 76 N.Y.U. L.Rev. 1692, 1738–39 (2001).

Regardless, because it is not yet clear what the parties' intentions were, any opinion I give on the requirements of federal law would be akin to an advisory opinion. Therefore, I express no opinion on the correct interpretation of plaintiff's agreement with defendant TCG. Petitioner's claims alleging violations of federal law (II, III and IV) will be dismissed with prejudice and those claims alleging misapplication or violation of state law (I and V) will be dismissed without prejudice.

## ORDER

IT IS ORDERED THAT the motion for voluntary dismissal filed by plaintiff Wisconsin Bell Inc., d/b/a Ameritech Wisconsin is GRANTED. Counts II, III and IV of plaintiff's complaint, in which plaintiff contends that the orders of defendant Public Service Commission of Wisconsin violate federal law, are DISMISSED WITH PREJUDICE. Counts I and V of plaintiff's complaint, in which plaintiff contend that the orders of defendant Public Service Commission of Wisconsin misinterpreted the contract or violated state law, are DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to enter judgment in favor of defendants and close this case.