MATHIAS ET AL. *v.* WORLDCOM TECHNOLOGIES, INC., ET AL.

No. 00–878.   Argued December 5, 2001—Decided May 20, 2002

*Joel D. Bertocchi,* Solicitor General of Illinois, argued the cause for petitioners.   With him on the briefs were *James E. Ryan,* Attorney General, *A. Benjamin Goldgar* and *Michael P. Doyle,* Assistant Attorneys General, *Myra L. Karegianes, John P. Kelliher,* and *Thomas R. Stanton.*

*Barbara McDowell* argued the cause for the United States as respondent under this Court's Rule 12.6 urging affirmance.   With her on the brief were *Solicitor General Olson, Acting Assistant Attorney General Katsas, Deputy Solicitor General Wallace, Mark B. Stern, Charles W. Scarborough,* and *John A. Rogovin.*

*Paul M. Smith* argued the cause for respondents.   With him on the brief for respondents WorldCom Technologies, Inc., et al. were *William M. Hohengarten, Michael B. DeSanctis, Darryl M. Bradford, John J. Hamill, William Single IV, Brian J. Leske,* and *Richard Metzger.   David W. Carpenter, Stephen B. Kinnaird,* and *Marc C. Rosenblum* filed a brief for respondent AT&T Communications of Illinois, Inc., et al.   *Stephen M. Shapiro, John E. Muench, Theodore A. Livingston, Robert M. Dow, Jr., Michael W. McConnell, Martin H. Redish,* and *William M. Schur* filed a brief

for respondent Illinois Bell Telephone Co., dba Ameritech Illinois.*

PER CURIAM.

We granted certiorari to consider three questions: (1) whether a state commission's action relating to the enforcement of an interconnection agreement is reviewable in federal court under 47 U. S. C. § 252(e)(6) (1994 ed., Supp. IV); (2) whether a state commission waives its Eleventh Amendment immunity by voluntarily participating in the regulatory scheme established by the Telecommunications Act of 1996, Pub. L. 104–104, 110 Stat. 56; and (3) whether the doctrine of *Ex parte Young*, 209 U. S. 123 (1908), permits suit for prospective relief against state public utility commissioners in their official capacities for alleged

---

*Briefs of *amici curiae* urging reversal were filed for the State of New Jersey et al. by *John J. Farmer, Jr.*, Attorney General of New Jersey, *Andrea Silkowitz* and *Nancy Kaplen*, Assistant Attorneys General, and *Stefanie A. Brand*, Deputy Attorney General, and by the Attorneys General for their respective jurisdictions as follows: *Bill Pryor* of Alabama, *Bruce M. Botelho* of Alaska, *Richard Blumenthal* of Connecticut, *Robert A. Butterworth* of Florida, *Thurbert E. Baker* of Georgia, *Alan G. Lance* of Idaho, *Steve Carter* of Indiana, *Thomas F. Reilly* of Massachusetts, *Carla J. Stovall* of Kansas, *Jennifer M. Granholm* of Michigan, *Ray Cooper* of North Carolina, *Herbert D. Soll* of the Northern Mariana Islands, *Betty D. Montgomery* of Ohio, *Mark Barnett* of South Dakota, and *Mark L. Shurtleff* of Utah; for the Coalition for Local Sovereignty by *Kenneth B. Clark;* for the Council of State Governments et al. by *Richard Ruda* and *James I. Crowley;* and for the Pennsylvania Public Utility Commission by *Maryanne Reynolds Martin* and *Bohdan R. Pankiw.*

Briefs of *amici curiae* urging affirmance were filed for BellSouth Corp. et al. by *Mark L. Evans, Michael K. Kellogg, Sean A. Lev, Aaron M. Panner, William P. Barr, Mark J. Mathis, Michael D. Lowe, Charles R. Morgan,* and *John W. Hunter;* and for the NOW Legal Defense and Education Fund by *Lesley Szanto Friedman, Aidan Synnott, Martha F. Davis,* and *Isabelle Katz Pinzler.*

Briefs of *amici curiae* were filed for the National Association of Regulatory Utility Commissioners et al. by *James Bradford Ramsay, Carl F. Patka,* and *Neil T. Erwin;* and for Sprint Corp. by *David P. Murray.*

ongoing violations of that Act. 532 U. S. 903 (2001). After full briefing and oral argument, it is now clear that petitioners were the prevailing parties below, and seek review of uncongenial findings not essential to the judgment and not binding upon them in future litigation. As a general rule, a party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous. See *New York Telephone Co.* v. *Maltbie,* 291 U. S. 645 (1934) *(per curiam).*

We have since granted certiorari to the United States Court of Appeals for the Fourth Circuit to review the same questions, arising in the same factual context. *Verizon Md. Inc.* v. *Public Serv. Comm'n of Md.,* and *United States* v. *Public Serv. Comm'n of Md.,* 534 U. S. 1072 (2001). Our decision in those cases is released today. See *Verizon Md. Inc.* v. *Public Serv. Comm'n of Md., ante,* p. 635. The writ in this case is dismissed as improvidently granted.

*It is so ordered.*

JUSTICE O'CONNOR took no part in the consideration or decision of this case.