**WISCONSIN BELL, INC. d/b/a Ameritech Wisconsin, Plaintiff,**

v.

**MCIMETRO ACCESS TRANSMISSION SERVICES, INC., MCI Telecommunications Corporation, Public Service Commission of Wisconsin and Ave M. Bie, John H. Farrow and Joseph P. Mettner, Commissioners of the Public Service Commission (in their official capacities and not as individuals), Defendants.**

No. 00–C–0268.

United States District Court, E.D. Wisconsin.

Dec. 17, 2002.

Bradley Jackson, Christian Binnig, Deborah Golden, John Flanagan, for Plaintiff.

Daniel J. Weiss, Darryl Bradford, Niles Berman, Madison, WI, John Hamill, Mary Stevens, for Defendants.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff Wisconsin Bell, Inc., doing business as Ameritech Wisconsin, brought this action under 47 U.S.C. § 252(e)(6) of the Telecommunications Act of 1996 challenging determinations made by defendant Public Service Commission of Wisconsin and its commissioners ("PSC"). Plaintiff objected to the decision of the PSC interpreting an interconnection agreement between Ameritech and MCIMETRO ACCESS Transmission Services, Inc. and MCI Telecommunications Corporation ("MCI") as obligating plaintiff to pay fees to MCI for its assistance in completing telephone calls to internet service providers. Plaintiff argued that the PSC's decision of January 18, 2000 ordering it to comply with the agreement and to pay MCI "reciprocal compensation" misinterpreted the agreement and violated federal law.

The parties filed briefs with the court addressing the legal issues in the case, but ultimately agreed that plaintiff's federal claims fail under the holding of *Illinois Bell Telephone Co. v. Worldcom Technologies, Inc.*, 179 F.3d 566 (7th Cir.1999) ("*Illinois Bell*"). However, the Supreme Court had agreed to hear the appeal of *Illinois Bell.* Thus, on January 3, 2002, I stayed this case pending the Supreme Court's review.

In May 2002, the Court declined to hear the appeal and found that the writ of certiorari had been improvidently granted. *Mathias v. Worldcom Techs., Inc.*, 535 U.S. 682, 122 S.Ct. 1780, 152 L.Ed.2d 911 (2002). Thus, *Illinois Bell* stands.

MCI and plaintiff have both filed motions to dismiss. MCI asks that I lift the stay, affirm the PSC's January 19, 2000 order, dismiss plaintiff's claims with prejudice and enter judgment in favor of defendants. Pursuant to Fed.R.Civ.P. 41(a), plaintiff asks that I dismiss its federal claims with prejudice under *Illinois Bell,* and dismiss its state claims without prejudice because *Illinois Bell* declined to reach state claims. Thus, plaintiff argues, it should be able to pursue

its state claims in state court. MCI argues in response that plaintiff raised no state claims; therefore, the entire action should be dismissed with prejudice. First, I address whether plaintiff raised state claims. Second, I address whether dismissal is appropriate under Fed.R.Civ.P. 41(a).

■ Fed.R.Civ.P. 8(a) requires that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is not required to plead legal theories. *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir.1996). If a plaintiff does plead legal theories, the plaintiff is not limited to those expressly named. *Id.; Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 n. 8 (7th Cir.1998) (holding that complaint's citation of one statutory subsection did not preclude reliance upon another subsection not cited); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (2d ed.1990). However, if injecting a new legal theory into the case would prejudice the defendant, the plaintiff may be limited to those theories expressly named in the complaint. *Vidimos*, 99 F.3d at 222; Wright & Miller, *supra*. Prejudice exists where the new theory would surprise the defendant because the complaint "explicitly or implicitly disclaims" the theory or where the parties have "tacit[ly]" agreed not pursue the theory and raising it would unreasonably delay the litigation. *Vidimos*, 99 F.3d at 222.

Here, plaintiff's complaint contains six counts, all of which cite only federal law. However, the complaint alleges that the PSC misinterpreted the agreement between MCI and plaintiff. These allegations present a question of state contract law. *See Illinois Bell*, 179 F.3d at 574 ("A decision 'interpreting' an agreement contrary to its terms creates a ... problem ... under the law of contracts.").

■ Defendants would not be prejudiced by permitting plaintiff to pursue state theo-

ries. Plaintiff did not explicitly or implicitly disclaim state claims; neither did the parties tacitly agree not to address them. To the contrary, in their briefs on the merits filed before I stayed the action, the defendants recognized that plaintiff's complaint raises questions of state law. (*See* R. 37 at 20–22; R. 41 at 33–34.) Further, *Illinois Bell*, on which the defendants relied, specifically contemplates the result that plaintiff here seeks. *See* 179 F.3d at 574. The court stated that where a plaintiff challenges the PSC's interpretation of an agreement, the party should first file in federal court and, if unsuccessful in establishing a federal law violation, then file in state court. *Id.* Thus, it should come as no surprise to the defendants that plaintiff seeks to follow this procedure here.

I turn to whether the action should be dismissed. Fed.R.Civ.P. 41(a)(2) permits the court to dismiss an action on plaintiff's motion "upon such terms and conditions as the court deems proper."[1] The decision is in the sound discretion of the trial court; however, dismissal is not proper if the defendant will suffer prejudice. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986).

In the case before me, the parties agree that the federal claims should be dismissed with prejudice under *Illinois Bell.* Neither MCI nor PSC will be prejudiced by this dismissal.

Thus, only the state claims remain. Although generally I may retain supplemental jurisdiction over state claims even after I have dismissed the federal claims, *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir.1993), I cannot retain supplemental jurisdiction over remaining state claims where a plaintiff has moved to dismiss under Fed.R.Civ.P. 41(a)(2). This is because Fed.R.Civ.P. 41(a)(2) only allows me to dismiss "an action," not specific claims.

---

1. Dismissal may be had without an order from the court if the plaintiff files its motion before the defendant answers or if all the parties have stipulated to the dismissal. Fed.R.Civ.P. 41(a)(1). Although MCI and plaintiff agree that the claims should be dismissed, all the parties have not filed a stipulation for dismissal. *See* 9 Wright & Miller, *Federal Practice and Procedure* § 2363 (2d ed.1995) (discussing what constitutes a stipulation sufficient to satisfy the rule). Thus, Fed. R.Civ.P. 41(a)(1) does not apply.

*See Berthold Types Ltd. v. Adobe Sys. Inc.,*
242 F.3d 772, 777 (7th Cir.2001). Thus, either I grant plaintiff's motion and dismiss everything or I deny it and dismiss nothing. Given that plaintiff and MCI both want the action to be dismissed and that no defendant will be prejudiced, I will grant the motion and dismiss the action.

MCI has also asked that I affirm the order of the PSC and enter judgment in favor of defendants. However, because questions of state law remain, MCI's request will be denied.

**THEREFORE, IT IS ORDERED** that MCI's motion to lift the stay and summarily affirm the order of the PSC is **GRANTED IN PART AND DENIED IN PART**. The stay is hereby lifted. However, I will neither affirm the order of the PSC nor instruct the clerk to enter judgment in favor of defendants.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss is **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE**.

**FINALLY, IT IS ORDERED** that the case is **DISMISSED**.