**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMY ROBERTSON,

Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 13-3122
(D.C. No. 6:11-CV-01368-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Plaintiff Amy Robertson appeals from a district court order affirming the

Commissioner's final decision that she was disabled and entitled to supplemental

security income (SSI) benefits. Exercising our jurisdiction under 28 U.S.C. § 1291,

we reverse for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff applied for SSI benefits in May 2009, alleging she was disabled due to back pain, hypothyroidism, and periodontal disease. The disability examiner's report stated that although Plaintiff had not claimed any mental impairment, mental issues were clearly observable. The state agency arranged for a mental status evaluation. The examining psychologist, Dr. Coleman, opined that Plaintiff had some thought disorder and extensive paranoid thoughts, that she had a history of emotional problems which had interfered with her employment and which would continue to do so. His diagnostic impression was that Plaintiff had an adjustment disorder with depression and severe borderline personality disorder. Two other psychologists reviewed Plaintiff's medical records and also opined that Plaintiff had adjustment disorder and borderline personality disorder.

At her hearing before an administrative law judge (ALJ), Plaintiff instructed her attorney to only assert disability based on her physical impairments. She testified that she did not believe she had any mental impairment. But under the Social Security Regulations, the ALJ was obligated to consider *all* of Plaintiff's medically determinable impairments of which he was aware in order to assess her ability to meet the physical, mental, sensory and other requirements of work. *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013); 20 C.F.R. §§ 416.945(a)(2)-(4). The ALJ found that Plaintiff had severe impairments of degenerative disc disease of the thoracic and lumbar spine with degenerative changes to the sacrococcygeal joint and right sacroiliac joint dysfunction, adjustment disorder, and borderline personality

disorder. Under the requisite five step analysis, the ALJ concluded that Plaintiff was disabled and awarded full benefits.

But Plaintiff appealed that decision. She requested the Appeals Council to review the ALJ's decision, and remove the finding that she had borderline personality disorder. After the Appeals Council denied her request, Plaintiff sought review in the district court under 42 U.S.C. § 405(g). She asserted the ALJ's finding of borderline personality disorder would bring shame on her and damage her reputation. She claimed the ALJ's finding that she had borderline personality disorder was not supported by the evidence, and she asked the district court to modify the Commissioner's decision to delete that finding. She sought actual and punitive damages of $250,000.

The Commissioner moved to dismiss, arguing the district court lacked subject matter jurisdiction because there was no statutory standing under § 405(g) to appeal a favorable decision, or constitutional standing under the "case-or-controversy" requirement of Article III. The Commissioner further argued that the district court should decline the appeal on the general, well-settled prudential principle that "a party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous." *Mathias v. WorldCom Techs., Inc.*, 535 U.S. 682, 684 (2002) (per curiam). The Commissioner also argued Plaintiff's complaint failed to state a claim under Fed. R. App. P. 12(b)(6) because there was no redressable action the

court could take, and that the Social Security Act does not provide for money damages.

The district court agreed that money damages were unavailable, but it otherwise denied the Commissioner's motion to dismiss. As to statutory standing and the prudential prevailing-party principle, the district court concluded the ALJ's decision was not fully favorable to Plaintiff, even though she was awarded all of her requested disability benefits, because she claimed the ALJ erroneously found she had borderline personality disorder. It ruled Plaintiff had constitutional standing because she alleged injury to her reputation, traceable to the ALJ's alleged erroneous finding, which could be redressed by the court's power under § 405(g) to modify the Commissioner's decision. The court further concluded Plaintiff stated a redressable claim based on the court's authority to modify the decision. On the merits, however, the district court affirmed the Commissioner's decision, ruling that substantial evidence supported the ALJ's finding that Plaintiff's combination of severe impairments includes borderline personality disorder.

On appeal, Plaintiff argues she did not have time to gather adequate facts; asks the court remand the matter for further proceedings; questions whether the certified district court and administrative record is accurate; and claims she did not have adequate access to these records. She also reasserts her objections to the ALJ's mental impairment finding, claiming it would "bring her 'shame' upon her person." Aplt. Opening Br. at 24. She states the finding "would literally cost her life, because

it is highly foreseeable that it would force her back into bondage of a lying tongue who hateth her." *Id.*

The Commissioner reasserts that the district court lacked constitutional standing,[1] but alternatively argues the district court's decision should be affirmed on the merits. We review the question of constitutional standing de novo. *See Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013). "Standing is a question of justiciability that implicates this court's jurisdiction," which we have "an independent obligation to examine." *United States v. Ramos*, 695 F.3d 1035, 1046-47 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 912 (2013) (internal quotation marks and brackets omitted). We conclude that Plaintiff lacked constitutional standing to appeal the Commissioner's decision.

Plaintiff bears the burden of establishing Article III standing, and to do so, she must meet three requirements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between that injury and the challenged action of the defendant—the injury must be "fairly traceable" to the defendant, and not the result of the independent action of some third party. Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury.

---

[1]	The Commissioner did not file a cross-appeal challenging the district court's conclusions that Plaintiff had statutory standing to bring this appeal under § 405(g); that the decision was not fully-favorable under the prudential prevailing party rule; and that Plaintiff stated a redressable claim. Thus, we express no opinion as to these rulings.

*Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (citations omitted).

"The injury-in-fact must be 'concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely 'abstract,' and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Finstuen v. Crutcher*, 496 F.3d 1139, 1143 (10th Cir. 2007) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "Allegations of possible future injury do not satisfy the requirements of Article III." *Whitmore*, 495 U.S. at 155.

Generally, injury to one's reputation can be a cognizable injury-in-fact to confer standing to bring suit. *See Meese v. Keene*, 481 U.S. 465, 473-75 (1987) (holding that plaintiff senator had standing to challenge the government's labeling as "political propaganda" certain films he wished to show, because this label "would substantially harm his chances for reelection and would adversely affect his reputation in the community"); *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1168 (10th Cir. 2003) (holding that damage to attorney's professional reputation is sufficient to confer standing to challenge an order finding he committed ethical misconduct). But "[a]t some point . . . claims of reputational injury can be too vague and unsubstantiated" to confer standing. *McBryde v. Comm. to Review*, 264 F.3d 52, 57 (D.C. Cir. 2001).

Here, Plaintiff claims reputational injury as a basis to appeal from a favorable decision awarding her the full disability benefits she sought. "[W]here reputational

injury is the lingering effect of an otherwise moot aspect of a lawsuit, no meaningful relief is possible and the injury cannot satisfy the requirements of Article III." *Foretich v. United States*, 351 F.3d 1198, 1212 (D.C. Cir. 2003). "'[T]he moral stigma of a judgment which no longer affects legal rights does not present a case or controversy for appellate review[.]'" *R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1108 (10th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 8-9 (1998)).

We conclude that Plaintiff's allegation of reputational injury, based on the ALJ's finding that her severe impairments include borderline personality disorder, is too abstract and speculative to satisfy the requirements of Article III. Plaintiff has simply made the conclusory and conjectural assertion that her reputation will be harmed, but she articulates no actual or imminent, legally cognizable, injury sufficient to confer standing to appeal from the Commissioner's favorable decision. We thus conclude Plaintiff's complaint did not present a case or controversy that is properly within the federal courts' Article III jurisdiction.

Plaintiff's motion for stay is denied as moot. We vacate the judgment of the district court, and remand with instructions to dismiss the complaint.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge