THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

July 22, 2021

Opposition No. 91252877

*Valvoline Licensing & Intellectual Property LLC*

*v.*

*Sunpoint International Group USA Corp.*

**Before Zervas, Bergsman, and Goodman,**
**Administrative Trademark Judges.**

**By the Board:**

This proceeding comes before the Board for consideration of the following motions:

(1) Valvoline Licensing & Intellectual Property LLC's ("Opposer") motion for summary judgment on Sunpoint International Group USA Corp.'s ("Applicant") defense of res judicata;[1] (2) Applicant's motion for summary judgment on its defense of res judicata;[2] (3) Applicant's combined motion for leave to amend its answer to add a defense of collateral estoppel and cross-motion for summary judgment on its

---

[1] 11 TTABVUE. References to the pleadings, the evidence of record, and the parties' briefs refer to the Board's TTABVUE docket system. Coming before the designation TTABVUE is the docket entry number, and coming after this designation are the page and paragraph reference, if applicable.

[2] 12 TTABVUE.

defenses of res judicata and collateral estoppel,[3] (4) Opposer's cross-motion for summary judgment on collateral estoppel,[4] and (5) Opposer's motion for leave to amend its notice of opposition.[5]

The parties' July 29, 2020 motions for summary judgment and Opposer's motion for leave to amend are fully briefed. Applicant's cross-motion for summary judgment on res judicata, or claim preclusion, and collateral estoppel is contested by Opposer.[6] Applicant's motion for leave to amend its answer is unopposed.[7]

## I. Background

Applicant seeks registration on the Principal Register of the standard character mark MAXVOLINE for "automobile lubricants" in International Class 4. The application, Serial No. 88471565, was filed on June 13, 2019, based on Applicant's asserted bona fide intention to use the mark in commerce under Trademark Act Section 1(b), 15 U.S.C. § 1051(b).

Opposer opposes registration of Applicant's mark on the sole ground of likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), based on

---

[3] 15 TTABVUE. Applicant's combined motion also sought summary judgment on Opposer's claim of likelihood of confusion. However, on October 7, 2020, the Board ordered that it would only address the cross-motions for summary judgment on res judicata and collateral estoppel, and all other motions were denied without prejudice. 22 TTABVUE.

[4] 20 TTABVUE.

[5] 19 TTABVUE.

[6] Noting that Applicant filed its own motion for summary judgment on collateral estoppel, the Board stated in its October 7, 2020 order that further briefing was unnecessary but allowed Applicant the option of filing a combined reply in support of its motion and response to Opposer's cross-motion for summary judgment. 22 TTABVUE 2.

[7] 20 TTABVUE 10.

Opposer's prior use and registration of the marks VALVOLINE, MAX LIFE, and MAXLIFE, all for automotive maintenance services, lubricants for automobiles, antifreeze, transmission fluids, and other automotive products. In support of its claim, Opposer pleaded ownership of the following seven registrations, and alleged Applicant's mark "is a term formed by conjoining a portion of Opposer's 'MAX LIFE' mark with Opposer's 'VALVOLINE' mark" and "[t]he trademark 'MAXVOLINE' is confusingly similar to Opposer's conjointly used trademarks MAX LIFE and VALVOLINE".[8]

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| VALVOLINE | 53237 | May 29, 1906 | lubricating-oils |
| VALVOLINE | 739915 | October 30, 1962 | petroleum products for use in connection with vehicles operated by motive power and in connection with engines and machinery generally |
| VALVOLINE | 1084465 | February 7, 1978 | fuels for internal combustion engines-namely, starting fluids, fuel and oil mixtures for use in internal combustion engines, and prepared compositions for mixing with gasoline and other fuels in preparing fuel mixtures |
| MAX LIFE | 2621773 | September 17, 2002 | motor oils, lubricants and greases all for motor vehicles |
| MAXLIFE | 2513312 | November 27, 2001 | motor oils, lubricants and greases, all for motor vehicles |
| MAX LIFE | 2518757 | December 11, 2001 | automatic transmission fluid |

---

[8] Notice of Opposition, ¶¶ 4, 5, 9, 10 (1 TTABVUE 7-9).

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| MAXLIFE | 2518758 | December 11, 2001 | automatic transmission fluid |

In its answer, Applicant denied the salient allegations in the notice of opposition, asserted the affirmative defense of res judicata based on the outcome of Cancellation No. 92057294 involving the parties, and counterclaimed to cancel Opposer's pleaded registrations for the MAXLIFE or MAX LIFE marks (Registration Nos. 2621773, 2518757, 2513312, and 2518758) on the sole ground of genericness.

On June 29, 2020, the Board denied Opposer's motion to strike Applicant's defense of res judicata but granted Opposer's motion to dismiss Applicant's counterclaim based on genericness as the counterclaim was compulsory in Cancellation No. 92057294.[9]

## II.    The Prior Proceeding

In Cancellation No. 92057294 (the "Prior Proceeding") Opposer, and its predecessor-in-interest, sought to cancel Applicant's registrations for the marks MAXVOLINE for "lubricants for automobiles" on various grounds, including likelihood of confusion.[10] Opposer relied on the same registrations in the Prior Proceeding as it does in the current proceeding.[11] The Board issued a decision on the

---

[9] 10 TTABVUE.

[10] Applicant's registrations at issue in the cancellation were Registration No. 3450454, for the mark MAXVOLINE in standard characters, and Registration No. 3454800 for the mark MAXVOLINE and design. 11 TTABVUE 20-21.

[11] *Compare* Notice of Opposition, ¶¶ 4, 5 (1 TTABVUE 7-8) *with* 11 TTABVUE 22.

merits in the Prior Proceeding on April 26, 2019, granting the petition to cancel on the claim of nonuse.[12] Then, "[f]or purposes of completeness" the Board also addressed, inter alia, Opposer's likelihood of confusion claim and determined Opposer had "not carried [its] burden to establish by a preponderance of the evidence that Applicant's MAXVOLINE marks are likely to cause consumer confusion with [Opposer's] marks VALVOLINE and MAX LIFE."[13] Judgment was not entered on the likelihood of confusion claim. The Board's decision ultimately granted the petition to cancel only "on the claim that [Applicant] failed to use its marks at the time [it] filed its Statements of Use and by the expiration of the time for filing its Statements of Use."[14]

Applicant did not appeal this decision; rather, it filed its subject application on June 13, 2019.

## III.    The Cross-Motions for Summary Judgment

We first address the parties' cross-motions for summary judgment on the issues of res judicata, also referred to as claim preclusion, and collateral estoppel, specifically whether either doctrine applies based on the final decision in the Prior Proceeding.

Summary judgment is appropriate only where the movant shows the absence of any genuine dispute as to any material fact, and that it is entitled to judgment as a

---

[12] 11 TTABVUE 50.

[13] *Id*. at 50-75.

[14] *Id*. at 88.

matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Sweats Fashions, Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 4 USPQ2d 1793, 1796 (Fed. Cir. 1987); *Freki Corp. N.V. v. Pinnacle Entm't, Inc.*, 126 USPQ2d 1697, 1700 (TTAB 2018). In deciding a motion for summary judgment, the Board may not resolve any factual dispute; it may only determine whether a genuine dispute of material fact exists. *See, e.g.*, *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 16 USPQ2d 1055, 1056 (Fed. Cir. 1990); *Lloyd's Food Prods. Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993).

The doctrine of claim preclusion bars a second action when there is: (1) an identity of parties or their privies; (2) an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *See Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000); *Chutter, Inc. v. Great Concepts, LLC*, 119 USPQ2d 1865, 1868 (TTAB 2016). "A valid and final judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim and encompasses claims that were raised or could have been raised in the earlier action." *Chutter*, 119 USPQ2d at 1868.

Under the doctrine of issue preclusion, or collateral estoppel, a party may be barred from re-litigating the same issue in a second action involving the parties. *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 125 S. Ct. 1293, 113 USPQ2d 2045, 2051 (2015). Issue preclusion requires the following: (1) identity of an issue in a prior proceeding, (2) that the identical issue was actually litigated, (3) that determination of the issue was necessary to the judgment in the prior proceeding, and (4) that the

party defending against preclusion had a full and fair opportunity to litigate the issue in the prior proceeding. *Mayer/Berkshire Corp. v. Berkshire Fashions Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1313 (Fed. Cir. 2005) (citing *Montana v. U.S.*, 440 U.S. 147, 153-55 (1979)).

If a party cannot appeal the outcome of an earlier proceeding, then the second action is not barred under either type of preclusion. *See AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 2019 USPQ2d 171683, at *4-5 (Fed. Cir. 2019) (it is "a traditional preclusion principle that neither claim nor issue preclusion applies when appellate review of the decision with a potentially preclusive effect is unavailable") (citations omitted); *see also Warner/Elektra/Atlantic Corp. v Cty. of DuPage*, 991 F.2d 1280, 1282 (7th Cir. 1993) ("an unappealable finding does not collaterally estop"); *Aviation Enters., Inc. v. Orr*, 716 F.2d 1403, 1407 (D.C. Cir. 1983) (appellate court lacked authority to consider appeal taken solely to secure review of findings that might have res judicata effect). Thus, we first address Opposer's contention that, as the prevailing party, it could not have appealed the Board's findings regarding likelihood of confusion in the Prior Proceeding.

As a general rule, a prevailing party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous. *Mathias v. Worldcom Tech., Inc.*, 535 U.S. 682, 684 (2002) (*per curiam*) (citing *N.Y. Tel. Co. v. Maltbie*, 291 U.S. 645 (1934) (*per curiam*)); *see also Allflex USA, Inc. v. Avid Identification Sys, Inc.*, 704 F.3d 1362, 105 USPQ2d 1643, 1647 (Fed. Cir. 2013) (although the district court held that appellant's failure to disclose was material for purposes of an inequitable

conduct claim, appellant could not appeal that ruling because district court dismissed the case without finding the patents unenforceable in the inequitable conduct claim). This general rule is applicable to trademark inter partes proceedings. *See* 15 U.S.C. § 1071(a)(1) (right to appeal granted only to parties "dissatisfied with the decision" of the Board); *see also Maremont Corp. v. Air Lift Co.,* 463 F.2d 1114, 174 USPQ 395, 396 (CCPA 1972). In other words, if a plaintiff has obtained all of its requested relief, then it normally lacks standing to appeal. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980); *see also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 58 USPQ2d 1681, 1684 (Fed. Cir. 2001); 15A C. Wright, A. Miller & M. Kane, FED. PRAC. & PROC. CIV. § 3902 (2d ed. Apr. 2021).

In the Prior Proceeding, Opposer asserted various grounds against Applicant's continued registration of its MAXVOLINE marks. The sole relief requested was cancellation of the registrations—which is the full extent of the relief the Board could have granted in the case. Trademark Act Section 17, 15 U.S.C. § 1067; *see Conolty v. Conolty O'Connor NYC LLC*, 111 USPQ2d 1302, 1309 (TTAB 2014); *McDermott v. S.F. Women's Motorcycle Contingent*, 81 USPQ2d 1212, 1216 (TTAB 2006) ("[T]he Board's jurisdiction is limited to determining whether trademark registrations should issue or whether registrations should be maintained.") The Board granted Opposer the full relief it sought, but did so solely on the ground of nonuse.

While the Board also determined Opposer did not carry its "burden to establish by a preponderance of the evidence that Applicant's MAXVOLINE marks are likely

to cause confusion with [Opposer's] marks VALVOLINE and MAX LIFE",[15] this determination did not change the final judgment, which was to cancel the registrations. If Applicant had appealed the judgment against it in the Prior Proceeding, Opposer would have been able to assert likelihood of confusion as an alternative ground for affirmance of the Board judgment in its favor. *See, e.g., M.Z. Berger & Co. v. Swatch AG*, 559 F. App'x 1009 (Fed. Cir. 2014). But Applicant did not appeal the final judgment in the Prior Proceeding. And inasmuch as Opposer received all the relief it sought, Opposer could not have appealed in its own right. *See id.*; *Maremont Corp.*, 174 USPQ at 396.[16]

Thus, this case falls within the rule that, where a party cannot appeal the outcome of an earlier proceeding (or cannot cross-appeal where the other party appealed), then the second action is not barred under either type of preclusion. *See AVX Corp.*, 2019 USPQ2d 171683, at *4-5. We therefore find that Opposer is not precluded as a matter of law, under either the doctrine of claim preclusion or collateral estoppel, from raising likelihood of confusion as a ground against registration of Applicant's current application for the mark MAXVOLINE. Accordingly, Opposer's motions for summary judgment on Applicant's defenses of res judicata, or claim preclusion, and collateral estoppel are **granted**, and Applicant's cross-motions for summary judgment on the

---

[15] 11 TTABVUE 75.

[16] *Cf. Real Foods Pty Ltd. v. Frito-Lay N. Am., Inc.*, 906 F.3d 965, 128 USPQ2d 1370, 1379 n. 8 (Fed. Cir. 2018) (appellee who successfully opposed registration on the Principal Register based on descriptiveness claim had standing to cross-appeal dismissal of genericness claim because prevailing on that claim would have qualified the appellee for the additional relief of keeping the applicant's mark off the Supplemental Register as well).

same are **denied**. Applicant's defenses of res judicata and collateral estoppel are therefore dismissed with prejudice.

## IV.    Opposer's Motion for Leave to Amend

We next address Opposer's motion to amend the notice of opposition to plead prior use and registration of the mark MAXLIFE TECHNOLOGY as an additional basis for its Section 2(d) claim. The proposed amended notice of opposition indicates the corresponding Registration No. 4800587 issued on August 25, 2015, prior to the filing of this opposition.[17] Opposer asserts that it found, during its investigation of facts related to the parties' motions for summary judgment, that "its own conjoint use of VALVOLINE with MAX LIFE has evolved to increasingly include conjoint use of VALVOLINE, along with the phrase, 'With MAXLIFE TECHNOLOGY,'" and the proposed amendment is necessary to accurately reflect the current factual situation of Opposer's pleaded Section 2(d) claim.[18] Opposer further contends that Applicant will not suffer any prejudice by the proposed amendment as the proceeding has only recently begun, neither party has engaged in any discovery yet, and the proposed amendment would not significantly expand the scope of the case.

In response, Applicant argues the "protective part of the mark" in Registration No. 4800587 is MAXLIFE, the mark MAXLIFE was asserted in the Prior Proceeding,[19] and the addition of TECHNOLOGY weakens Opposer's arguments of

---

[17] 19 TTABVUE 14, ¶ 7.

[18] *Id.* at 4-5.

[19] 29 TTABVUE 3.

conjoined use. Applicant also asserts that the principle of judicial estoppel should apply inasmuch as Opposer argued in its motion to dismiss Applicant's counterclaim that this proceeding and the Prior Proceeding arose from the same transaction or occurrence. Applicant contends the Board accepted Opposer's position when it dismissed Applicant's counterclaim in this proceeding, and to allow Opposer to take an inconsistent position would provide an unfair benefit to Opposer while creating an unfair detriment to Applicant.

The Board liberally grants leave to amend pleadings at any stage of a proceeding when justice so requires, unless entry of the proposed amendment would violate settled law or be prejudicial to the rights of the adverse party or parties. Trademark Rule 2.107(a), 37 C.F.R. § 2.107(a); Fed. R. Civ. P. 15; *see also, e.g.*, *Am. Express Mktg. & Dev. Corp. v. Gilad Dev. Corp.*, 94 USPQ2d 1294, 1297 (TTAB 2010); *Polaris Indus. v. DC Comics*, 59 USPQ2d 1798, 1799 (TTAB 2001). This is so even when a plaintiff seeks to amend its complaint to plead an additional claim. *See Commodore Elecs. Ltd. v. CBM K. K.*, 26 USPQ2d 1503, 1506–1507 (TTAB 1993); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 507.02 (2021). In deciding whether to grant leave to amend, the Board may consider undue delay, prejudice to the non-moving party, bad faith or a dilatory motive, futility of the amendment, and whether the party has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 80 USPQ2d 1385, 1395 (Fed. Cir. 2006); *Am. Express Mktg. & Dev. Corp.*, 94 USPQ2d at 1297.

Registration No. 4800587 issued prior to Opposer's filing of its notice of opposition in this proceeding. However, this proceeding is in its infancy and discovery had not opened prior to the suspension for the parties' motions for summary judgment. *See* Trademark Rule 2.127(d), 37 C.F.R. § 2.127(d). Accordingly, Opposer did not unduly delay in filing the motion for leave to amend its pleading to add Registration No. 4800587. *See Commodore Elecs.*, 26 USPQ2d at 1505-06 (no undue delay in view of prior motion for summary judgment, and discovery was still open when motion was filed); *see also U.S. Olympic Comm. v. O-M Bread Inc.*, 26 USPQ2d 1221, 1222 (TTAB 1993) (proceeding still in pretrial stage and discovery had been extended); *Focus 21 Int'l v. Pola Kasei Kogyo K. K.*, 22 USPQ2d 1316, 1318 (TTAB 1992) (granting motion to amend filed prior to opening of petitioner's testimony period).

Applicant also has not shown it would suffer any cognizable prejudice if Opposer is allowed to amend the notice of opposition to plead ownership of an additional registration for a related mark.[20] Applicant's arguments regarding judicial estoppel are misplaced inasmuch as they rest on the presumption that, in dismissing Applicant's counterclaim in the present opposition, the Board necessarily determined that the current proceeding and the Prior Proceeding arose from the same transaction or occurrence. This is not accurate. The Board dismissed Applicant's counterclaim against Opposer's pleaded registrations for the MAXLIFE or MAX LIFE marks

---

[20] Prejudice contemplates an adverse effect on the non-movant's ability to litigate the case, e.g., where the movant's delay has resulted in a loss or unavailability of evidence or witnesses, which otherwise would have been available. *See Trek Bicycle Corp. v. Styletrek Ltd.*, 64 USPQ2d 1540, 1541 (TTAB 2001) (citing *Pratt v. Philbrook*, 109 F.3d 18 (1st Cir. 1997)).

(Registration Nos. 2621773, 2518757, 2513312, and 2518758) because Applicant failed to plead a compulsory counterclaim in the prior cancellation proceeding against the same pleaded registrations.[21] Opposer's Registration No. 4800587, for the mark MAXLIFE TECHNOLOGY, was not pleaded in the Prior Proceeding. Therefore, judicial estoppel is inapplicable. *See Bos. Chicken Inc. v. Bos. Pizza Int'l Inc.,* 53 USPQ2d 1053, 1055 (TTAB 1999) (setting forth the factors to be considered in applying judicial estoppel).

Moreover, Applicant's arguments are based on a misapplication of the rules governing preclusion and compulsory counterclaims. When a plaintiff brings a second action related to an earlier action, the second action is precluded if three elements are met, including that the second claim is based on the same set of transactional facts as the first. However, when "a party seeks to preclude a defendant in the first action from bringing certain claims in the second action, the rules of defendant preclusion apply." *See Freki Corp.,* 126 USPQ2d at 1701. Under defendant preclusion, a defendant is precluded if its "claim or defense in the second action was a compulsory counterclaim that the defendant failed to assert in the first action," as is the case here.

The remainder of Applicant's argument goes to the ultimate merits of the proposed claim, not whether Opposer should be granted leave to amend its pleading to assert Registration No. 4800587 in support of its Section 2(d) claim. Moreover, in view of our determination above that res judicata and collateral estoppel cannot apply,

---

[21] 10 TTABVUE 4, 7-9.

Applicant's arguments related to Opposer's failure to assert Registration No. 4800587 in Cancellation No. 92057294 are unavailing. Opposer has sufficiently pleaded the claim of likelihood of confusion based on Opposer's conjoint use of its pleaded marks.[22] *See Nike, Inc. v. Palm Beach Crossfit Inc.*, 116 USPQ2d 1025, 1030 (TTAB 2015); *Bell's Brewery, Inc. v. Innovation Brewing*, 125 USPQ2d 1340, 1348-49 (TTAB 2017) (pleading of likelihood of confusion based on conjoint use). Whether Opposer can prove its claim is a matter to be determined after the introduction of evidence at trial or in connection with a motion for summary judgment. *See Focus 21 Int'l*, 22 USPQ2d at 1318; *Flatley v. Trump*, 11 USPQ2d 1284, 1286 (TTAB 1989).

In view of the foregoing, and because the Board liberally grants leave to amend pleadings when justice so requires, Opposer's motion for leave to amend its notice of opposition is **granted**. Opposer's amended notice of opposition, filed September 25, 2020, is accepted and entered as its operative pleading.[23] Applicant is allowed until **THIRTY DAYS** from the date of this order to file an answer to the amended notice of opposition.

---

[22] Opposer's amended notice of opposition includes allegations regarding asserted fame and Trademark Act Section 43(c), 15 U.S.C. § 1125(c). Inasmuch as Opposer's proposed amended pleading fails to sufficiently plead dilution under Trademark Act Section 43(c), the Board does not construe these allegations as asserting dilution. *See Nike Inc. v. Maher*, 100 USPQ2d 1018, 1023 (TTAB 2011); *Toro v. ToroHead Inc.*, 61 USPQ2d 1164, 1173 (TTAB 2001); *see also Coach Servs. Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 101 USPQ2d 1713, 1723-24 (Fed. Cir. 2012).

[23] 19 TTABVUE 11-19.

## V.    Accelerated Case Resolution

Although claim preclusion and collateral estoppel do not apply in this proceeding, in the Prior Proceeding the parties previously engaged in discovery on, and submitted evidence regarding, many of the issues likely to be relevant in this proceeding. Therefore, the Board strongly encourages the parties to forego the traditional trial schedule in favor of proceeding with Accelerated Case Resolution (ACR), or at a minimum, to agree to streamline discovery and trial evidence in this proceeding including a stipulation that evidence from Cancellation No. 92057294 may be used as evidence in this proceeding. *See* TBMP § 705. Such agreements would assist in getting this case "back on track" and serve them well.

ACR is an alternative to typical inter partes Board proceedings in which parties can obtain a determination of their claims and defenses using simplified methods of introducing evidence and in a shorter time period than contemplated by the standard Trademark Rules. *See* TBMP §§ 528.05(a)(2) and 705, and decisional law cited therein. The form of ACR can vary. The parties may agree to submit summary judgment briefs and accompanying evidentiary submissions that encompass both the trial and briefing periods and enter into stipulations relating to the submission of evidence. Alternatively, the parties may stipulate to the trial record in whole or in part, and submit trial briefs. For example, the parties could provide a joint statement of undisputed facts to narrow the issues before the Board; the parties could stipulate to limit the Board's determination under Section 2(d) to certain *DuPont* factors; the parties could stipulate to facts, supported by the record, that support Opposer's

15

entitlement to a statutory cause of action; the parties could stipulate to Opposer's priority; and/or the parties could stipulate to the admissibility of certain testimony and evidence from the prior cancellation proceeding or the admissibility of additional evidence.

If the parties have questions about their ACR options, they are urged to contact the assigned Interlocutory Attorney.

## VI. Resumption of Proceedings

Proceedings are **resumed**. Applicant is allowed until **thirty days** from the date of this order to file an answer to the amended notice of opposition, and remaining dates are reset as follows:[24]

| | |
|---|---|
| Discovery Opens | 9/22/2021 |
| Initial Disclosures Due | 10/22/2021 |
| Expert Disclosures Due | 2/19/2022 |
| Discovery Closes | 3/21/2022 |
| Plaintiff's Pretrial Disclosures Due | 5/5/2022 |
| Plaintiff's 30-day Trial Period Ends | 6/19/2022 |
| Defendant's Pretrial Disclosures Due | 7/4/2022 |
| Defendant's 30-day Trial Period Ends | 8/18/2022 |
| Plaintiff's Rebuttal Disclosures Due | 9/2/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 10/2/2022 |
| Plaintiff's Opening Brief Due | 12/1/2022 |
| Defendant's Brief Due | 12/31/2022 |
| Plaintiff's Reply Brief Due | 1/15/2023 |
| Request for Oral Hearing (optional) Due | 1/25/2023 |

---

[24] Opposer stated, and Applicant does not dispute, that the parties conducted the required discovery conference on August 4, 2020. 20 TTABVUE 9.

16

The Federal Rules of Evidence generally apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a).